UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 3:10-CR-30004

JEFFERY STANBROUGH                                                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Jeffery Stanbrough's motion (Doc. 41) for early termination of supervised release.  The Government has not filed any response.  The motion will be DENIED.

Mr. Stanbrough pleaded guilty on July 22, 2010 to a one-count indictment charging him with possession of methamphetamine with intent to distribute.  *See* Docs. 1, 12.  He was sentenced on that count to 70 months of imprisonment, followed by a 5-year term of supervised release.  *See* Doc. 15.  After his release from prison and during that term of supervised release, he was charged in a separate case with new methamphetamine crimes.  *See* Case No. 3:18-CR-30002, Doc. 1.  He eventually entered a guilty plea in that case to one count of conspiracy to distribute methamphetamine, and was sentenced to 57 months of imprisonment, followed by a 3-year term of supervised release.  *See* Case No. 3:18-CR-30002, Docs. 18, 27.  His supervision in the instant case was also revoked, and he was sentenced to 30 months of imprisonment running concurrently with his term of imprisonment in the new case, with no supervised release to follow.  *See* Doc. 33.  He has finished his latest term of imprisonment and is currently on supervised release in the more recent case.

Mr. Stanbrough has filed a motion for early termination of his supervised release.  The Court notes that technically the motion was filed in the wrong case, which is understandable given the convoluted procedural history described above.  But in any event, the Court does not believe

1

early termination is appropriate here. Mr. Stanbrough's motion states that he has completed more than two thirds of his current term and has perfectly complied with his conditions of release during this term. *See* Doc. 41. It also explains that Mr. Stanbrough lives more than 70 miles away from the probation office where his probation officer works, and that physical appointments with his probation officer therefore impose a financial and physical hardship on him. *See id.*

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if, after considering the factors in 18 U.S.C. § 3553(a), it is satisfied "that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court has discretion to consider a broad range of factors when considering whether to terminate a supervised release period. *See United States v. Vasquez*, 77 F. App'x 387, 388 (8th Cir. 2003) (citing *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999)).

Although the Court commends Mr. Stanbrough for his record of compliance during his current term of supervised release, the Court is not persuaded that this warrants early termination of his supervision. Compliance with the terms of supervision is simply what is expected of all defendants under supervised release. *See, e.g.*, *United States v. Weintraub*, 371 F. Supp. 2d 164, 166–67 (D. Conn. 2005). And while the Court notes the inconvenience of the distance that Mr. Stanbrough must travel for physical appointments with his probation officer, Mr. Stanbrough has not demonstrated that this burden is so excessive as to warrant the extraordinary step of early termination.

IT IS THEREFORE ORDERED that Mr. Stanbrough's motion (Doc. 41) for early termination of supervised release is DENIED.

IT IS SO ORDERED this 3rd day of October, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE